[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15211
Non-Argument Calendar

_____

D. C. Docket No. 04-00185-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE HOLGUIN-DOMINGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 2, 2005)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Jorge Holguin-Dominguez appeals his 57-month sentence imposed after

pleading guilty to one count of illegal reentry of a previously deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Holguin-Dominguez argues that the district court erred, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), and *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004), by enhancing his offense level by 16 points based on his three prior convictions that were not charged in the indictment, found by a jury, or admitted by him. He claims that his Fifth and Sixth Amendment rights were violated, and the sentence imposed upon him was illegal. Holguin-Dominguez also contends that *Apprendi* and *Blakely* called into doubt the viability of *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998).

Since Holguin-Dominguez preserved his constitutional claim by raising it in the district court, we review his sentence *de novo*, but will reverse only for harmful error. *United States v. Paz*, __ F.3d __, No. 04-14829, manuscript op. at 4 (11th Cir. April 5, 2005). "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance . . . that the sentence was not substantially swayed by the error, the sentence if due to be affirmed even though there was error." *United States v. Mathenia*, 2005 WL 1201455 at *2 (11th Cir. May 23, 2005) (quotations, brackets, and citations

2

omitted).

In *Blakely*, the Supreme Court held that, under the state of Washington's mandatory sentencing guidelines system, the imposition of a sentencing enhancement based upon facts neither admitted by the defendant nor found by the jury violated the defendant's Sixth Amendment right to a jury trial. *Blakely*, 542 U.S. at __, 124 S. Ct. at 2534-38. In *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005), the Supreme Court extended this holding to the federal sentencing guidelines. 543 U.S. at __, 125 S. Ct. at 755. We have since stated that there could be two types of *Booker* error: (1) a Sixth Amendment error – the error of imposing a sentencing enhancement based on judicial findings that go beyond the facts admitted by the defendant or found by the jury; and (2) a statutory error – the error of being sentenced under a mandatory guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

A.    Sixth Amendment Error

"In *Almendarez-Torres v. United States*, the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." *United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir.), *cert. denied*, 125 S. Ct. 637 (2004). In

3

*Apprendi*, the Supreme Court declined to revisit *Almendarez-Torres* and held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 489-90, 120 S. Ct. at 2362-63.

The Supreme Court revisited that rule in *Blakely* in the context of Washington state's sentencing guideline scheme, and clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. . . .* In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely*, 542 U.S. at ___, 124 S. Ct. at 2537 (emphasis in original). In a footnote, however, the Court explicitly remarked that "[t]he Federal Guidelines are not before us, and we express no opinion on them." *Id.* at ___ n.9, 124 S. Ct. at 2538 n.9.

While the instant case was pending on appeal, the Supreme Court issued its decision in *Booker*, finding "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue" in *Blakely*. *Booker*, 543 U.S. at ___, 125 S. Ct. at 749. Resolving the constitutional

4

question left open in *Blakely*, the Court held that the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. *Id.* at \_\_\_,125 S. Ct. at 749-51. In extending its holding in *Blakely* to the federal sentencing guidelines, the Court explicitly reaffirmed its rationale in *Apprendi* that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at \_\_\_, 125 S. Ct. at 756. The Court concluded that, to best preserve Congress's intent in enacting the Sentencing Reform Act of 1984, the appropriate remedy was to "excise" two specific sections – 18 U.S.C. § 3553(b)(1) (requiring a sentence within the guideline range, absent a departure) and 18 U.S.C. § 3742(e) (establishing standards of review on appeal) – thereby effectively rendering the sentencing guidelines advisory only. *Id.* at \_\_\_, 125 S.Ct. at 764.

After *Booker*, we held that the decision in *Almendarez-Torres* was "left undisturbed by *Apprendi*, *Blakely*, and *Booker*," and that "a district court does not err by relying on prior convictions to enhance a defendant's sentence." *Shelton*, 400 F.3d at 1329; *see also United States  v. Orduno-Mireles*, \_\_ F.3d \_\_, No. 04-12630 (11th Cir. April 6, 2005); *see also United States v. Camacho-Ibarquen*, 404

5

F.3d 1283, 1290 (11th Cir. 2005). Because *Almendarez-Torres* was left undisturbed by *Apprendi*, *Blakely*, and *Booker*, the district court committed no Sixth Amendment error.[1]

      B.      Statutory Error

In *United States v. Rodriguez*, 398 F.3d 1291 (11th Cir. 2005), *cert. petition filed*, No. 04-1148 (U.S. Feb. 23, 2005), we stated that, under the holding in *Booker*, "the Sixth Amendment right to trial by jury is violated where *under a mandatory guidelines system* a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." 398 F.3d at 1298 (emphasis in original). In that case, we determined, under plain error review, that because the district court determined the defendant's sentence based on its own drug quantity finding, there was *Booker* error that was plain. *Id.* at 1298-99. We concluded, however, that the defendant could not establish that his substantial rights had been affected because there was nothing in the record to indicate that the district court would have imposed a different sentence, had it known that it had the liberty to do so. *Id.* at 1301.

---

[1] We also reject Holguin-Dominguez's Fifth Amendment challenge to his sentence. As previously noted, *Apprendi*, *Blakely*, and *Booker* exempted prior convictions from their holdings and none of those decisions held that a failure of an indictment to charge sentence-enhancing facts constituted a constructive amendment or otherwise contravened the Fifth Amendment so as to require reversal.

We subsequently concluded in *Shelton* that, although there was no Sixth Amendment error because the defendant had admitted to the drug quantity that the district court relied upon to enhance his sentence, "it was *Booker* error for the district court to sentence [him] under a mandatory guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." *Shelton*, 400 F.3d at 1330-31. We further found that the *Booker* error was plain error that had affected the defendant's substantial rights because the district court stated several times during sentencing that the guideline sentence was too severe, thus, "there [was] a reasonable probability the district court would have imposed a lesser sentence . . . if it had not felt bound by the Guidelines." *Id.* at 1332-33.

Because the district court sentenced Holguin-Dominguez under a mandatory guidelines scheme, there was *Booker* error, even though the district court committed no constitutional violation in sentencing Holguin-Dominguez. The government, in its brief, conceded that it could not show that the error complained of did not contribute to the sentence obtained. The district court imposed a sentence at the low end of the applicable guidelines range and stated at sentencing that it did not have "much other choice of what to do." The government's concession and the evidence in the record prevent us from concluding that the error was harmless. Accordingly, we vacate Holguin-Dominguez's sentence and remand

for re-sentencing consistent with *Booker*.

**VACATED AND REMANDED.**